IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LAMAR FRAZIER,

       Plaintiff,                    No. CIV S-05-0774 MCE JFM P

   vs.

SPENCER ROWELL, et al.,

       Defendants.           ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $8.60 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1 preceding month's income credited to plaintiff's prison trust account.  These payments will be
2 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3 account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9 U.S.C. § 1915A(b)(1),(2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17       A complaint, or portion thereof, should only be dismissed for failure to state a
18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22 complaint under this standard, the court must accept as true the allegations of the complaint in
23 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 /////

1         Plaintiff's names three defendants in his complaint, including Spencer Rowell, a
2 Sacramento County deputy sheriff also employed by the Sacramento County Unified School
3 District (school district), the School District, and Sacramento County Sheriff Lou Blanas.
4 Plaintiff alleges that the school district failed to conduct an adequate background check before
5 employing defendant Rowell.  However, there are no allegations which suggest that alleged
6 inadequate background check was pursuant to an official policy of the school district.  Cf. Monell
7 v. Department of Social Services, 436 U.S. 658, 690 (1978) (local government entities may only
8 be sued under § 1983 for alleged constitutional violations resulting from implementation or
9 execution of official policy).  There are no charging allegations against Sheriff Blanas.
10 Accordingly, the court will not order service of process on either the school district or Sheriff
11 Blanas.

12         The complaint states a cognizable claim for relief against defendant Rowell
13 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are
14 proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

15         In accordance with the above, IT IS HEREBY ORDERED that:
16         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
17         2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
18 Plaintiff is assessed an initial partial filing fee of $8.60.  All fees shall be collected and paid in
19 accordance with this court's order to the Director of the California Department of Corrections
20 filed concurrently herewith.
21         3.  Service is appropriate for the following defendants:  Deputy Sheriff Spencer
22 Rowell.
23         4.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons,
24 an instruction sheet and a copy of the complaint filed April 20, 2005.
25         5.  Within thirty days from the date of this order, plaintiff shall complete the
26 attached Notice of Submission of Documents and submit the following documents to the court:

1        a. The completed Notice of Submission of Documents;

2        b. One completed summons;

3        c. One completed USM-285 form for the defendant listed in number 3

4        above; and

5        d. Two copies of the endorsed complaint filed April 20, 2005.

6. Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: June 3, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
fraz0774.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LAMAR FRAZIER,

      Plaintiff,                              No. CIV S-05-0774 MCE JFM P

   vs.

SPENCER ROWELL, et al.,            NOTICE OF SUBMISSION

      Defendants.                      OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      ____ completed summons form

      ____ completed USM-285 forms

      ____ copies of the _____
                               Complaint/Amended Complaint

DATED:

                                            _____
                                            Plaintiff