IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LAMAR FRAZIER,

           Plaintiff,                 No. CIV S-05-0774 MCE JFM P

    vs.

SPENCER ROWELL, et al.,

           Defendants.          <u>ORDER</u>

_____/

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

          On May 8, 2006, plaintiff filed a document styled "Objections to Defendant's Answer to Plaintiff's Complaint."  Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added).  The court has not ordered plaintiff to reply to defendant's

/////

1

1  answer and declines to make such an order.  Accordingly, plaintiff's May 8, 2006 objections to

2  defendant's answer will be disregarded.

3        By order filed May 18, 2006, the court directed defendant Spencer Rowell to pay

4  the United States Marshal the sum of $45.00 for the cost of personal service unless within that

5  time defendant Rowell filed a written statement showing good cause for his failure to waive

6  service of process in this action.  Defendant Rowell timely filed objections to the court's order.

7  Defendant Rowell's response is focused on the personal service that was effected at one of Mr.

8  Rowell's employers, the Sacramento County Sheriff's Office, but not the employer for whom

9  Mr. Rowell was working at the time of the alleged incident.  Defendant Rowell's response is

10  inadequate to explain why he did not return the request for waiver of service mailed to the him in

11  care of the Sacramento County Sheriff's Office on July 14, 2005.  The USM-285 form sent with

12  the request notes both places of employment, and defendant Rowell has failed to adequately

13  explain his failure to return the signed request for waiver.  Defendant Rowell's objections to the

14  court's May 18, 2006 order are overruled.  Defendant Rowell will be directed to remit forthwith

15  the amount of $45.00 to the United States Marshal Service.

16        On August 9, 2006, plaintiff filed a motion for leave to amend his complaint to

17  add the Sacramento County Unified School District Police Department as a defendant in this

18  action.  Plaintiff has not included a proposed amended complaint with the motion, nor are there

19  any allegations in the motion which might support the addition of the Sacramento County

20  Unified School District Police Department as a defendant in this action.  For these reasons,

21  plaintiff's motion to amend will be denied.

22        On August 21, 2006, plaintiff filed a document styled "Notice:  Motion to Compel

23  and Request for Time Extension [sic]."  By this document, plaintiff seeks an extension of the

24  time for serving discovery requests set in the court's May 31, 2006 scheduling order.  Plaintiff

25  seeks the extension to render timely a discovery request that he served on defendant Rowell on or

26  /////

1  about August 2, 2006.[1]  By that request, plaintiff seeks an order permitting him to require

2  defendant Rowell to provide plaintiff with "documents from the Sacramento County Unified

3  School District Police Department" and said department's "Internal Affairs," including "[a]ll

4  written statements, originals or copys [sic] identifiable as reports of (crime lab/balistics) reports

5  conducted on May 16, 2004 concerning the shooting of Officer Rowell and civilians and

6  employees and employer of the Sacramento County Unified School District who also

7  investigated Rowell's reports concerning the above mentioned incident" and "[a]ll

8  interdepartmental memorandum regarding the written reports of Officer Rowell concerning the

9  shooting of Officer Rowell occured [sic] on May 16, 2004 at A. M. WINN ELEMENTRY [sic]

10  SCHOOL." (Motion to Compel, filed August 17, 2006, at 2.)

11          Defendant Rowell opposes the motion on several grounds, contending that (1)

12  defendant Rowell has already responded to discovery timely propounded by plaintiff in June or

13  July of this year; (2) plaintiff failed to serve the discovery request in time for defendant to

14  respond by the August 25, 2006 discovery cutoff; (2) plaintiff has failed to show good cause for

15  additional time to conduct discovery; (3) by its terms, the request seeks documents that are not in

16  the custody and control of defendant Rowell, but, if they exist, are in the custody and control of

17  entities identified as the Sacramento County Unified School District Police Department and

18  Internal Affairs, neither of whom are defendants in this action;[2] and (4) defendant Rowell has

19  already responded to the request for interdepartmental memoranda by advising plaintiff, inter

20  alia, that he did not prepare a written report "concerning the shooting of Officer Rowell."

21  (Defendant's Opposition, filed August 31, 2006, at 5.)

22  /////

23

24          [1]  In accordance with the May 31, 2006 scheduling order, discovery requests were to be
    served not later than sixty days prior to August 25, 2006.

25

26          [2]  Elsewhere, defendant Rowell asserts that he is unaware of an entity identified as the
    Sacramento County Unified School District Police Department.  See discussion infra.

1    Plaintiff seeks an extension of time to compel discovery responses that ask

2    defendant Rowell to produce documents that are not in his custody or control.  Defendant Rowell

3    is not required to produce documents that are not in his custody or control.  See Fed. R. Civ. P.

4    34.  For this reason, plaintiff's motion will be denied.

5    On September 8, 2006, plaintiff filed two motions to compel production of

6    documents.  By the first motion, he seeks an order requiring defendant Spencer Rowell to

7    produce to plaintiff defendant Rowell's incident report and supplementary incident report

8    prepared following the May 16, 2004 incident at bar.  By the second, he seeks an order requiring

9    an individual identified as Chief of Police Lyle E. Eickert to produce the same documents.  In the

10   motions, plaintiff states that he served the discovery requests at issue on August 23, 2006.

11   Defendant Rowell opposes the motions on the grounds that (1) the discovery

12   request at issue was untimely under the deadline set in the scheduling order filed May 31, 2006;

13   (2) plaintiff's motion to compel is untimely under the deadline set in the May 31, 2006

14   scheduling order; (3) defense counsel has advised plaintiff that defendant Rowell did not prepare

15   either an incident report or a supplementary incident report after the incident at bar; and (4)

16   defendant is unaware of any  individual by the name of Lyle E. Eickert who serves as Chief of

17   the Sacramento City Unified School District Police Department, or of any entity identified as the

18   Sacramento City Unified School District Police Department and, in any event, neither is a

19   defendant in this action.

20   All of defendant's grounds in opposition to the motion are meritorious.  The court

21   notes in particular that defendant cannot be required to produce documents that do not exist.

22   Plaintiff's motions to compel and to extend time for discovery will be denied.

23   On September 8, 2006, plaintiff filed a motion for extension of time.  By this

24   motion, plaintiff seeks a continuance of the jury trial presently set for May 2, 2007, on the ground

25   that he is scheduled to be released from state prison on June 22, 2007, and he needs time after his

26   /////

4

release to seek counsel to represent him in this action.  Plaintiff's motion for a continuance of the trial date is premature and will be denied without prejudice.

    For all of the foregoing reasons, IT IS HEREBY ORDERED that:

    1.  Plaintiff's May 8, 2006 objections to defendant's answer to the complaint shall be disregarded;

    2.  Defendant Rowell's May 23, 2006 objection to the court's May 18, 2006 order directing payment of the cost of personal service is overruled;

    3.  Within ten days from the date of this order defendant Rowell shall remit the $45.00 cost of personal service to the United States Marshal for the Eastern District of California;

    4.  Plaintiff's August 9, 2006 motion to amend is denied;

    5.  Plaintiffs August 17, 2006 motion to compel and for an extension of time is denied;

    6.  Plaintiff's September 8, 2006 motions to compel are denied; and

    7.  Plaintiff's September 8, 2006 motion for extension of time is denied without prejudice.

DATED: October 27, 2006.

UNITED STATES MAGISTRATE JUDGE

12/fraz0774.o