IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LAMAR FRAZIER,

     Plaintiff,                              No. CIV S-05-0774 MCE JFM P

     vs.

SPENCER ROWELL, et al.,

     Defendants.                    ORDER

       Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 12, 2006, plaintiff filed a motion to compel discovery. However, discovery closed on August 25, 2006. (May 31, 2006 Scheduling Order at 5.)

       On February 2, 2007, plaintiff filed a request for disqualification and recusal of the undersigned as magistrate judge in this action. Plaintiff claims the undersigned has consistently and unfairly denied multiple motions in the instant action, failed to find plaintiff had exhausted his habeas claims in an earlier action, dismissed two defendants from the instant action and refused to allow plaintiff to amend his complaint herein.

       Recusal is appropriate if a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990).

1

"In order to state a successful case for recusal, however, a party must allege bias or prejudice stemming from an extrajudicial source." Id.

Plaintiff's motion for the recusal of the undersigned is based solely upon rulings the undersigned has made. Plaintiff has not alleged or substantiated any bias or prejudice from an extrajudicial source. Plaintiff's motion will be denied.

Finally, on December 1, 2006, plaintiff filed a document entitled "Amended Complaint." The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time *before* a responsive pleading is served." Fed. R. Civ. P. 15(a) (emphasis added). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. "[A]fter a brief period in which a party may amend as of right," leave to amend is "within the sound discretion of the trial court." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981). Rule 15(a)'s liberal policy in favor of amendment is "subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." DCD Programs, LTD., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). A district court does not err by denying leave to amend when the amendment would be futile or where the amended complaint would be subject to dismissal. Saul v. United States, 928 F.2d 829, 844 (9th Cir.1991).

Defendants have filed and served a responsive pleading herein. Plaintiff has filed neither a motion to amend nor a stipulation to amend the complaint signed by all parties. Plaintiff has not been granted leave to file an amended complaint. Indeed, by order filed October 30, 2006, plaintiff's earlier-filed motion to amend his complaint was denied. The instant action was filed on April 20, 2005. Defendants' motion for summary judgment is presently pending. In order to obtain leave of court to amend his complaint at this late stage of the proceedings, plaintiff must file a motion along with his proposed amended complaint and address whether the amendment would cause defendants undue prejudice, is not sought in bad faith, and does not

1 constitute an exercise in futility, as well as why he should be allowed to amend his complaint at
2 this late date.  Plaintiff's December 1, 2006 amended complaint will be placed in the court file
3 and disregarded.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's October 12, 2006 motion to compel discovery is denied; and

        2.  Plaintiff's February 2, 2007 motion is denied.

DATED:  February 21, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; fraz0774.rec